UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIDGETT F. WEBB,

                          Plaintiff,

                -against-

MICHAEL BAKER,

                          Defendant.

23-CV-10329 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that Defendant Michael Baker, a resident of

Rocky Mount, North Carolina, sexually harassed her in Rocky Mount, North Carolina.[1] For the

following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States

District Court for the Eastern District of North Carolina.

## DISCUSSION

In the complaint, Plaintiff alleges that Defendant sexually harassed her when he was her

supervisor. Although unclear, Plaintiff may be attempting to assert claims for employment

discrimination under Title VII of the Civil Rights Act of 1964 and claims under state law.

Under the venue provision for claims brought under Title VII, such claims may be

brought:

> in any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the
> alleged unlawful employment practice, but if the respondent is not found within
> any such district, such an action may be brought within the judicial district in
> which the respondent has his principal office.

---

[1] The Court notes that Plaintiff did not sign the complaint. (*See* ECF 1, at 7.)

42 U.S.C. § 2000e-5(f)(3). With respect to claims brough under state law, such claims may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendant resides in Rocky Mount, North Carolina, and that the events giving rise to her claims occurred in Rocky Mount, North Carolina. Because Plaintiff does not allege that Defendant resides in this District or that events giving rise to her claims occurred in the State of New York, from the face of the complaint, it is clear that venue is not proper in this Court under 42 U.S.C. § 2000e-5(f)(3) or 28 U.S.C. § 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Rocky Mount, North Carolina, which is also where Defendant is located. Rocky Mount is in Edgecombe and Nash counties, which fall within the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a). Accordingly, venue lies in the Eastern District of North Carolina, 42 U.S.C. § 2000e-5(f)(e); 28 U.S.C. § 1391(b)(1), (2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of North Carolina, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of North Carolina. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 4, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

3